IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EMMANUEL M. AZZUN,

              Plaintiff,

vs.                                               Case No. 09-4144-SAC

KANSAS DEPARTMENT OF
HEALTH AND ENVIRONMENT,

              Defendant.

MEMORANDUM AND ORDER

This pro se discrimination case comes before the court on the plaintiff's motion to change venue. The relevant portion of the motion states:

> I will like you to change the venue of this case and move it to Kansas City, Kansas or Kansas City, MO. I don't want to say much.

Dk. 8.

Kansas constitutes only one federal judicial district and division. By seeking a change to Kansas City, Kansas, the plaintiff appears to seek an intra-district transfer. By seeking a change to Kansas City, Missouri, however, the plaintiff seeks a change of venue governed by 29 U.S.C. § 1404(a). Although this statute is facially inapplicable to the plaintiff's request for intra-district transfer, its factors are nonetheless commonly considered in requests for intra-district transfers. *See Tiffany v. City of Topeka*, 2009 WL 1683515 (D.Kan. 2009). Those factors include "plaintiff's choice of forum, the convenience for witnesses, the accessibility of witnesses and other sources of proof, the relative advantages and obstacles to a fair trial, and 'all other

considerations of a practical nature that make a trial easy, expeditious and economical.' " *Smith v. Staffmark Temporary Agency*, No. 07-2089-CM-GLR, 2007 WL 2436669, at *1 (D.Kan. Aug.22, 2007) (quoting 28 U.S.C. § 1404(c)); *see also Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir.1991).

In his complaint filed less than one month ago, the plaintiff was directed to designate Wichita, Kansas City, or Topeka as the location for the trial in this matter. The plaintiff chose Topeka. Dk. 1, p. 5. No reason has been offered as to why the plaintiff now wishes to change his own recent choice of forum. Additionally, the complaint alleges the denial of employment in various administrative positions at KDHE, which agency is located primarily in Topeka, Kansas. Accordingly, Topeka would appear to be the best forum for the convenience for witnesses, the accessibility of witnesses and other sources of proof for all parties. To the extent the plaintiff may base his request for a change of venue or a transfer on his objection to Magistrate Sebelius's participation in this case, the court finds that objection provides no basis for such relief.

A pro se complaint must be given a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir.1997). Given the absence of any reason of record which would support a change of venue or an intra-district transfer of the case, the court denies the plaintiff's motion. The plaintiff may renew this motion at a date after the pretrial order is filed, prior to trial of the case, in the event subsequent discovery supports his claim that another forum would be more convenient for most witnesses or would otherwise facilitate the proof for all parties.

IT IS THEREFORE ORDERED that the plaintiff's motion for change of venue or intra-

district transfer (Dk. 8) is denied.

Dated this 17th day of November, 2009.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge