# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EMMANUEL AZZUN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-4144-SAC |
| ) | |
| KANSAS DEPARTMENT OF HEALTH ) | |
| AND ENVIRONMENT, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This matter comes before the Court upon Plaintiff's Motion of Appeal (Doc. 9). The Court construes the instant motion as a motion to reconsider the Court's previous Order (Doc. 6) denying Plaintiff's Motion for Leave to Proceed Without Prepayment of Fees (Doc. 2).

### I.  Background

The Court previously denied Plaintiff's Motion for Leave to Proceed Without Prepayment of Fees, finding that Plaintiff had sufficient resources to pay the filing fee.[1] The Court based its decision on the amount of equity in Plaintiff's home, the income of Plaintiff's spouse,[2] and the discretionary nature of some of Plaintiff's monthly expenses, such as cable television. In the instant motion, Plaintiff argues that his finances are separate from his spouse's finances and that basic cable is required to operate a television.

### II.  Discussion

Section 1915 of Title 28, United States Code allows a court to authorize the commencement of a civil action "without prepayment of fees or security therefor, by a person who submits an

---

[1] Order (Doc. 6).

[2] Plaintiff included his spouse's income in his Affidavit of Financial Status (Doc. 2-1).

affidavit that . . . the person is unable to pay such fees or give security therefor." To succeed on a motion to proceed *in forma pauperis*, the movant must show a financial inability to pay the required fees.[3] "Proceeding *in forma pauperis* in a civil case 'is a privilege, not a right—fundamental or otherwise.'"[4] The decision to grant or deny *in forma pauperis* status under section 1915 lies within the sound discretion of the trial court.[5]

Even assuming that Plaintiff's income is separate from his spouse's income and that cable is required to operate a television, the Court still finds that Plaintiff has sufficient resources to pay the filing fee. A court may consider the applicant's assets, not merely his or her income, in determining the applicant's ability to pay the filing fee.[6] Federal courts have historically looked to assets, such as equity in real estate, in determining eligibility to proceed *in forma pauperis*.[7] As noted in the Court's prior Order, Plaintiff has substantial equity in his home. As a result, Plaintiff does not qualify to proceed *in forma pauperis*.[8]

Accordingly,

---

[3] *United States v. Garcia*, 164 Fed. Appx. 785, 786 n.1 (10th Cir. Jan. 26, 2006); *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

[4] *Barnett ex rel. Barnett v. Nw. Sch.*, No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)).

[5] *Id.* (citing *Cabrera v. Horgas*, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999)).

[6] *Scherer v. Kansas*, No. 06-2446-JWL, 2006 WL 3147731, at * 2 (D. Kan. Nov. 1, 2006).

[7] *Id.*

[8] *See Baldwin v. City of Osawatomie*, No. 07-1097-WEB, 2007 WL 1652145, at *1–*2 (D. Kan. June 7, 2007) (denying applicant's motion for *in forma pauperis* status because, *inter alia*, he had $150,000 in equity in his home); *Scherer v. City of Merriam*, No. 01-2092-KHV, 2001 WL 395197, at *1 (D. Kan. Apr. 10, 2001) (denying request to proceed *in forma pauperis* because, *inter alia*, applicant had $44,000 of equity in his home); *Ireland v. Reliance Standard Life Ins. Co.*, No. 97-0563-TEH, 1997 WL 85008, at *1 (N.D. Cal. Feb. 21, 1997) (denying *in forma pauperis* status to plaintiff who was unemployed with no money in bank account because she had $60,000 of equity in her home); *Failor v. Califano*, 79 F.R.D. 12, 13 (M.D. Pa. 1978) (denying *in forma pauperis* status to plaintiff who earned $409 per month because she owned home worth $20,000).

**IT IS THEREFORE RECOMMENDED** that Plaintiff's Motion of Appeal (Doc. 9) be denied. Pursuant to 28 U.S.C. § 636(b)(1), as set forth in Fed. R. Civ. P. 72(b) and D. Kan. R. 72.1.4, Plaintiff may serve and file written objections to the recommendation within 14 days after being served with a copy.

**IT IS SO RECOMMENDED.**

Dated this 2d day of December, 2009, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge