# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| EMMANUEL AZZUN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-4144-SAC |
| | ) | |
| KANSAS DEPARTMENT OF HEALTH AND ENVIRONMENT, | ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter comes before the Court upon Plaintiff's Motion to Reconsider (Doc. 42), filed April 6, 2010. Plaintiff requests this Court reconsider its Order (Doc. 6) denying Plaintiff's Motion for Appointment of Counsel. For the reasons stated below, the Court denies Plaintiff's Motion to Reconsider.

The Federal Rules of Civil Procedure do not provide for motions to reconsider, but the District of Kansas has a local rule for such matters.[1] D. Kan. R. 7.3 states that motions for reconsideration must be based on "(1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice." The decision to grant or deny a motion to reconsider lies soundly within the court's discretion.[2] A motion to reconsider gives the court the opportunity to correct manifest errors of law or fact and to review newly discovered evidence.[3]

---

[1] *See Hatfield v. Bd. of County Comm'rs for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995).

[2] *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

[3] *Comm. for the First Amendment v. Campbell*, 962 F. 2d 1517, 1523 (10th Cir. 1992).

1

"Unlike a criminal case, a party has no constitutional right to appointment of counsel in a civil case."[4] The Court may, however, in its discretion, appoint counsel in a civil action to represent a person proceeding *in forma pauperis*" purusant to 28 U.S.C. § 1915(e).[5] Because Plaintiff is not proceeding *in forma pauperis*, the Court does not have authority to appoint counsel under 28 U.S.C. § 1915(e).[6]

Even assuming Plaintiff had been granted *in forma pauperis* status, the Court would still deny his request for appointment of counsel. When considering whether to appoint counsel, courts must consider all relevant factors, including the merits of the litigants claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.[7]

The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel.[8] Based upon the claims presented in the Complaint, the Court is not convinced Plaintiff's claims are especially meritorious compared to

---

[4] *Barnett ex rel. Barnett v. Nw. Sch.*, No 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (citing *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989)).

[5] *Barnett*, 2000 WL 1909625, at *1; *see* 28 U.S.C. § 1915(e) ("The court may request an attorney to represent any person unable to afford counsel.").

[6] *Witherspoon v. Wyandotte County, Kansas*, No. 08-2315-JAR-DJW, 2008 WL 4148626, at *2 (D. Kan. Sept. 3, 2008) ("Until the Court determines that Plaintiff is unable to afford counsel and Plaintiff is granted in forma pauperis status, the Court is unable to appoint counsel under 28 U.S.C. § 1915(e)."); *Fulton v. United States*, 198 Fed. Appx. 210, 214 (3d Cir. 2006) (holding District Court did not err in denying plaintiff's request for appointment of counsel when he had not received IFP status).

[7] *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991) (stating that the district court has broad discretion to appoint counsel under 28 U.S.C. § 1915).

[8] *McCarthy v. Weinberg*, 753 F.2d 836, 839 (10th Cir. 1985).

claims of others the Court has reviewed for this purpose.

Plaintiff also appears capable of preparing and presenting this case without the aid of counsel. Plaintiff has not demonstrated his case involves unique or unusually complicated legal theories. Further, this case involves relatively straight forward facts for which Plaintiff must explain why he believes Defendant discriminated against him. This should not require any particular expertise. Additionally, Plaintiff has not demonstrated the existence of any special circumstances, such as a physical or mental impediment, which prevent him from presenting his claims.[9]

In support of his motion, Plaintiff indicates Defendant has not provided him with certain documents he requested directly from Defendant prior to his Complaint being served. Plaintiff believes Defendant would provide these documents if Plaintiff were represented by counsel. However, as the Court stated in a prior order, "a party cannot generally seek discovery until after the parties have conferred and developed their joint discovery plan."[10] The Court has set this case for a scheduling conference on May 3, 2010 at 9:00 a.m, with the parties to confer by April 19, 2010.[11] At this scheduling conference, the Court will establish various deadlines, including the deadline for the parties to exchange their initial disclosures and the deadline for the completion of discovery. Plaintiff may then formally request the production of documents from

---

[9] *Cf. McCarthy v. Weinberg*, 753 F.2d 836, 837–839 (10th Cir. 1985) (holding that district court erred in denying motion for appointment of counsel where the pro se plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communication).

[10] Order (Doc. 29) (citing Fed. R. Civ. P. 26(d)(1)).

[11] Initial Order Regarding Planning and Scheduling (Doc. 39).

Defendant, as governed by Fed. R. Civ. P. 34. The Court has no reason to believe Plaintiff will be unable, without the assistance of counsel, to formally request and obtain production of documents from Defendant once discovery has been commenced.

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reconsider (Doc. 42) is hereby denied.

**IT IS SO ORDERED**

Dated this 12th day of April, 2010, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge