IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EMMANUEL AZZUN,

        Plaintiff,

Vs.                                       No. 09-4144-SAC

KANSAS DEPARTMENT OF
HEALTH AND ENVIRONMENT,

        Defendant.

MEMORANDUM AND ORDER

This case comes before the Court on plaintiff's post-appeal motions to proceed on appeal without prepayment of fees and to seal the case. Dk. 106, 107.

**Motion for IFP**

This court previously found, on the face of the plaintiff's representations, that plaintiff was able to pay the filing fee in the district court proceedings and was not qualified to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. In denying plaintiff's original application to proceed in forma pauperis (Dk. 2), the Magistrate Judge found:

> Section 1915 of Title 28, United States Code allows a court to authorize the commencement of a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." "Proceeding in forma pauperis in a civil case 'is a privilege, not a right—fundamental or otherwise.'" The decision to grant or deny in forma pauperis status under section 1915 lies within the sound discretion of the trial court.
> After careful review of the financial information provided in the affidavit, the Court finds Plaintiff's financial situation does not warrant a waiver of the filing fee. The affidavit indicates that Plaintiff has a significant amount of equity in his home. Additionally, the affidavit states that Plaintiff's spouse is currently employed and receives a significant monthly salary. Although the combined

income of Plaintiff and his spouse is less than their monthly obligations, some of their monthly expenses, such as cable, are discretionary. Based on this information, the Court finds Plaintiff has sufficient resources to pay the filing fee.

Dk. 6.

The Magistrate Judge then reconsidered that finding and affirmed it, stating:

Even assuming that Plaintiff's income is separate from his spouse's income and that cable is required to operate a television, the Court still finds that Plaintiff has sufficient resources to pay the filing fee. A court may consider the applicant's assets, not merely his or her income, in determining the applicant's ability to pay the filing fee. Federal courts have historically looked to assets, such as equity in real estate, in determining eligibility to proceed in forma pauperis. As noted in the Court's prior Order, Plaintiff has substantial equity in his home. As a result, Plaintiff does not qualify to proceed in forma pauperis.

Dk. 13.

This Court then reviewed and adopted the Magistrate Judge's Report and Recommendation on the issue, affirming that the plaintiff's equity in his house and the discretionary nature of some of plaintiff's expenses warranted the denial of the plaintiff's request to proceed in forma pauperis. *See* Dk. 18. p. 1-2. Thereafter, plaintiff paid the filing fee. *See* Dk. 30.

Now, plaintiff takes another approach. Although his motion to proceed on appeal without prepayment of fees attaches an affidavit of financial status, plaintiff has left some of its questions blank, and has responded "N/A" to the vast majority of the affidavit's inquiries, including whether he is married, single, separated or divorced. Examples follow:

"Do you or your spouse own real property? Yes N/A   No N/A.

Do you or your spouse own any automobiles?  Yes N/A   No N/A

Total amount of cash on hand, in my checking account(s) or savings account(s):

$ <u>N/A</u>

Dk. 107, p. 3 - 4 of affidavit. Plaintiff's affidavit discloses only plaintiff's name, address, and telephone number, the names and ages of his daughters, that he is not currently employed, that he has no income, and that he receives no unemployment benefits. In short, plaintiff's affidavit woefully fails to provide the information necessary to show either the nature of plaintiff's assets or his liabilities, and appears intentionally designed not to do so. Under these unique circumstances, the Court has no hesitancy in denying plaintiff's motion, as plaintiff has failed to show that he is in forma pauperis.

**Motion to Seal**

Plaintiff asks the court to seal this case because of the safety of his "young children." Dk. 106. No details are provided. A similar motion to seal the district court proceedings (Dk. 31) was previously considered, reconsidered, and denied (Dk. 32, 33, 35). Neither the present motion nor the previous motion offers any facts to support plaintiff's assertion that his children might be endangered in any way by virtue of the public nature of plaintiff's case. Accordingly, no good cause for sealing the case or any document in it has been shown. *See Williams v. Sprint/United Management Co.*, 222 F.R.D. 483, 488-89 (D.Kan. 2004); *Bryan v. Eichenwald*, 191 F.R.D. 650 (D.Kan. 2000).

IT IS THEREFORE ORDERED that plaintiff's motions to proceed on appeal without prepayment of fees (Dk. 107) and to seal (Dk. 106) are denied.

Dated this 4th day of January, 2011.

<u>s/ Sam A. Crow</u>
Sam A. Crow, U.S. District Senior Judge