IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EMMANUEL AZZUN,

                Plaintiff,

Vs.                                                          No. 09-4144-SAC

KANSAS DEPARTMENT OF
HEALTH AND ENVIRONMENT,

                Defendant.

MEMORANDUM AND ORDER

This case is currently on appeal to the Tenth Circuit. Plaintiff has recently filed in this court a "motion for appeal on without prepayment of fees and to seal the case" (Dk. 109), a motion to seal the case (Dk. 110), and a motion to investigate the publication of his cases to the internet. Although the nature of the first motion is unclear, the Court liberally construes it to be a motion for reconsideration of its order (Dk. 108) which denied plaintiff's request to appeal without prepayment of fees and denied his request to seal the case.

The Court has reviewed the information contained in the pending and prior motions, but finds no basis for changing its prior rulings on any of the issues raised. *See Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (noting the long recognized right of access to judicial records); *Worford v. City of Topeka*, No. 03-2450-JWL-DJW, 2004 WL 316073, at *1 (Feb. 17, 2004) (finding the public's right of access is presumed paramount and that documents should be sealed "only on the basis of articulable facts known to the court, not on the basis of unsupported hypothesis or conjecture."); *Pansy*

*v. Borough of Stroudsburg,* 23 F.3d 772, 786 (3d Cir.1994) (vague and speculative allegations about a prospective employer finding out about his litigation through a web search are insufficient to demonstrate the requisite injury and otherwise fail to show that the balance of relevant interests weigh in favor of confidentiality); *Cf, United States v. Feret*, 2007 U.S. Dist. LEXIS 56878, 2007 WL 2262867, at *1-2 (E.D.N.Y.2007) (denying motion to seal or expunge although criminal complaint had been dismissed where defendant alleged "employment prospects have been or will be affected by the appearance of an arrest in his criminal history"). No basis for sealing the case has been shown.

The Court separately addresses plaintiff's motion for the Court to investigate the publication of his cases on the internet, which asks the Court to see if such publication was intentionally done to hurt him. Dk. 111. This Court cannot conduct investigations for any party in any case, and cannot do so for the plaintiff.

The Court can assure the plaintiff, however, that his speculations are unfounded. Neither this Court nor its assistants nor anyone in the Clerk's office has directed or will direct that any order in plaintiff's case be published on the internet. Contrary to plaintiff's belief that he has been singled out for punishment, his case has been and will be routinely processed in accordance with the United States District Court for the District of Kansas's Civil Administrative Procedures, as revised October 1, 2010. Those procedures provide, in Section V, B "Internet Access," that subscribers to the Public Access to Court Electronic Records ("PACER") system can view the content of the orders made in cases. Subscribers could therefore publish orders in plaintiff's cases to the internet or elsewhere.

No reason to depart from the court's standard procedures has been shown. The court often issues orders in race discrimination and retaliation cases and they are routinely unsealed and available to the public because the parties generally lack any "reasonable expectation of privacy" in public records and court documents. *Rodgers v. Hyatt*, 697 F.2d 899, 903 (10th Cir.1983). The Court has reviewed plaintiff's stated reasons for keeping orders in his cases off the internet, but as with plaintiff's separate motion to seal his case, he has failed to establish a harm sufficient to overcome the public's right of access to judicial records.

IT IS THEREFORE ORDERED that plaintiff's motions (Dk. 109, 110 and 111) are denied.

Dated this 26th day of January, 2011.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge